**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-against-**　　　　　　　　　　　　　　　　　　　　**3:02-CR-401**

**ANTHONY LESCH**,

                       **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

# DECISION & ORDER

## I. INTRODUCTION

Anthony Lesch (hereinafter "Petitioner") brings this petition, *pro se*, pursuant to 28 USC § 2255 seeking to vacate, set aside, or correct his sentence. Petitioner also asks the Court to declare the one year statute of limitations set forth in 28 U.S.C. § 2255(f) unconstitutional so that his motion can be heard. The United States filed a response to Petitioner's motion on April 2, 2009, contending that the motion was not timely filed, and even if it was timely filed, is without merit.

## II. FACTUAL BACKGROUND

Petitioner was indicted on 112 counts related to child exploitation on October 16, 2002. Dkt. #1. On January 29, 2003 he pleaded guilty, pursuant to a written plea agreement, to counts 20 and 22 charging Production of Child Pornography in violation of

1

18 U.S.C. § 2251.  Dkt. # 12.

On August 14, 2003 Petitioner was sentenced to 188 months imprisonment and five years supervised release on each count of conviction, to be served concurrently.  Dkt. # 31.  The Judgement of Conviction was filed on August 15, 2003.  Dkt. # 30.  Petitioner did not file an appeal.  The Judgment of Conviction became final on August 25, 2003 when Petitioner's time to file an appeal expired.

On March 2, 2009, Petitioner filed the instant Section 2255 Motion to Vacate, Set Aside, or Correct his sentence alleging that (1) the Indictment was silent with regard to a vital part of the statutory elements of the crime charged (nexus with interstate commerce) and, therefore, the Court was without jurisdiction to charge, convict, or sentence him; (2) there was no evidence to prove the "interstate or foreign commerce" element of 18 U.S.C. § 2251; (3) his sentence exceeds the statutory maximum allowed under 18 U.S.C. § 2251; and (4) because the element that was allegedly silent in the Indictment was not discussed with him during the plea hearing, Fed. R. Evid. 201 was not satisfied.

In recognition that the motion was brought more than one year after his conviction became final, Petitioner argues that the Court should declare that 28 U.S.C. § 2255 violates Art. I, §9, cl.2, of the Constitution (hereinafter "the Suspension Clause").  In this regard, Petitioner asserts in his Motion:

> [The one year] limitation acts as a suspension of the Writ in contravention of the constitutional prohibition.  A prisoner is usually poorly educated and is ill equipped to study the law that applies to his or her situaiton [sic]. [T]o effectively suspend the writs use from a person who is not experienced in legal practices, simply because it takes a part of ayear [sic] to exit the jails and state jails lack any federal books, and after arriving at prison must find someone who is experienced in law, or they

2

> must learn law themselves, is a miscarriage of justice because
> it does not allow the average citizen any time to prepare the
> facts that they need to dmeonstrate [sic] their challenge to the
> conviction.  A prisoner cannot be limited to a year to apply hs
> [sic] moton [sic] due to his limited knowledge in law.  His right
> to access the habeas corpus action without it being suspended
> is expected on the basis of the constitutoional [sic] guarantee.
> [C]ongress is unjust if they maintain this suspension of the right
> that the founders of the constitution wanted guaranteed.

Mot. at 2.

**III.  DISCUSSION**

### a. Constitutionality of the Statute of Limitations under subsection (f)

Petitioner asks this Court to declare 28 U.S.C. § 2255(f) unconstitutional because it acts as a suspension of the privilege of the writ of habeas corpus in violation of the Suspension Clause.  The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it."  U.S. Const. art. I, Section 9, cl. 2.  The one year limitations period of the AEDPA does not violate the Suspension Clause unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention."  Molo v. Johnson, 207 F. 3d 773, 775 (5th Cir. 2000) (quoting Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998)).

The one year statute of limitations in 28 U.S.C. §2255(f) does not violate the Suspension Clause.  "First, section 2255(f) does not foreclose relief for those who diligently pursue their claims."  Parker v. U.S., 2009 WL 559707, *2 (N.D. Miss. March 4, 2009).  Petitioner neither filed an appeal within 10 days of his sentencing, nor did he file a §2255 motion within the applicable limitations period.  He simply relies on his limited

3

knowledge of the law as the reason he was prevented from filing his petition before the limitations period expired.  This is insufficient to excuse compliance with the clear dictates of the law. See Faretta v. California, 95 S. Ct. 2525, 2541 n. 46 (1975)("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); Edwards v. INS, 59 F.3d 5, 8 (2nd Cir. 1995)("While a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.").

"Second, § 2255(f) is not jurisdictional and, as a limitations period, may be subject to equitable tolling."  Id.  Petitioner has not shown any facts which would support equitable tolling in this case, he has only demonstrated that he has limited knowledge of the law. "Moreover, while the one-year limitations period could raise serious constitutional questions where it forecloses the opportunity for habeas corpus relief for one who is actually innocent of the crime of his conviction," Petitioner is not alleging that he is actually innocent.  Id.  Petitioner entered into a plea agreement with the United States in which he pleaded guilty to two counts of the Indictment, and confirmed the factual basis for his guilty plea in Court under oath.

For these reasons, the Court finds that the § 2255 year statute of limitations is not unconstitutional.

**b.  Section 2255 Statue of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for motions under 28 U.S.C. §  2255(f). Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998) (One of the purposes of the AEDPA was to create a statute of

limitations for the "... filing of petitions for writs of habeas corpus and motions to vacate federal sentences."). The one year period of limitations runs from the latest of four specified events laid out in § 2255(f). These are:

> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f)(1)-(4). Subsections 2 through 4 are inapplicable and need not be addressed.

### c.  Subsection (f)(1)

Under subsection (f)(1), a Section 2255 motion must be filed within one year of the date that the underlying conviction becomes final. Petitioner's Judgment of Conviction was entered on August 15, 2003. He did not seek appellate review. For purposes of subsection (f)(1), "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). The time for filing a direct appeal expires 10 business days after the entry of judgment. See German v. United States, 209 F. Supp.2d 288, 291 (S.D.N.Y. 2002) ("Case law is clear that, where no review is sought, the final date of the conviction is 10 business days from the entry of the judgment of conviction, which is the deadline for filing a notice of appeal under Fed. R. App. P 4(b)(1)." ). Petitioner's conviction became final on

5

August 25, 2003. Thus, the period of limitations under subsection (f)(1) expired on August 25, 2004. As noted above, Petitioner filed his motion on March 2, 2009, approximately four years and six months after the expiration of this period of limitations.

The Petition is denied and dismissed for failure to comply with the applicable statute of limitations. The Court, therefore, finds no reason to address the merits of Petitioner's claims.

### d. Certificate of Appealability

In Moshier, the Second Circuit addressed the propriety of denying a certificate of appealability to a Section 2255 petitioner who, like Petitioner, filed an untimely § 2255 motion. Moshier, 402 F.3d at 117-18. The Circuit wrote:

> Pursuant to Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), when a district court denies a § 2255 motion on procedural grounds, a certificate of appealability may issue only upon a showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484, 120 S.Ct. 1595; see also Bethea v. Girdich, 293 F.3d 577, 577-78 (2d Cir. 2002) (applying two-component Slack formulation where habeas petition was dismissed as time-barred). Slack makes it clear that this formulation "allows and encourages the court to first resolve procedural issues." Slack, 529 U.S. at 485, 120 S.Ct. 1595. Because it is not debatable that the District Court correctly denied Moshier's § 2255 motion as untimely, no certificate of appealability may issue.

Id.

Inasmuch as the Court finds that it is not debatable by jurists of reason that Petitioner filed an untimely § 2255 motion, the Court declines to issue a certificate of appealability.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED** and his petition is **DISMISSED**. A Certificate of Appealability pursuant to 28 U.S.C. § 2253 is also **DENIED**.

**IT IS SO ORDERED**

DATED: November 19, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge